**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**January 5, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRITTNEY JO WALLACE,

    Defendant - Appellant.

No. 21-5068
(D.C. No. 4:21-CR-00045-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Brittney Jo Wallace's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Exercising jurisdiction

under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Wallace pleaded guilty to production of child pornography by a parent.

As part of her plea agreement, she waived her right to appeal her conviction and

sentence unless the sentence exceeded the statutory maximum. Both by signing the

written plea agreement and in her responses to the court's questions at the change of

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea hearing, Wallace acknowledged that she was entering her plea knowingly and voluntarily and that she understood its consequences, including the possible sentence and the appeal waiver. The court accepted her plea as having been knowingly and voluntarily entered and sentenced her to 300 months in prison. Despite receiving a sentence below the statutory maximum, Wallace filed a notice of appeal.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Wallace, through counsel, acknowledged that her appeal waiver is enforceable under the standards set out in *Hahn*. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

Entered for the Court
Per Curiam

2